JORDAN, Circuit Judge,
dissenting:
With respect, I dissent.
William Skye alleged, and proved to the satisfaction of a jury, that he suffered physical damage to his heart as a result of Maersk forcing him to work for an excessive number of hours (about 16 hours a day on average) without providing him adequate periods of rest. Like the district court, I do not think that Mr. Skye’s claim under the Jones Act, 46 U.S.C. § 30104, constituted a claim for negligent infliction of emotional distress, i.e., “mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another that is not directly brought about by a physical injury, but may manifest itself in physical symptoms.” Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 544, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994).
The verdict form asked the jury whether Mr. Skye sustained a “physical injury” or an “emotional injury.” The jury specifically found that Mr. Skye sustained only a physical injury due to Maersk’s negligence, and characterized this injury as “left ventricular hypertrophy,” a thickening of the *1268 heart wall which can affect the pumping of blood in the ventricle and lead to congestive heart failure. See Verdict Form, D.E. 158 at 1, 2; Trial Tr., D.E. 166 at 606. We owe “great deference” to the jury’s factual findings, Grant v. Preferred Research, Inc., 885 F.2d 795, 798 (11th Cir.1989), and I do not believe we can say, as a matter of law on this record, that Mr. Skye’s injury was purely emotional. See also Quality Foods, Inc. v. U.S. Fire Ins. Co., 715 F.2d 539, 543 (11th Cir.1983) (‘We cannot over emphasize [sic] the great weight and deference which must be given to jury verdicts.”). As a result, the zone of danger test articulated in Gottshall does not apply. See Gottshall, 512 U.S. at 547-48, 114 S.Ct. 2396 (adopting zone of danger test to “limit[ ] recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant’s negligent conduct, or who are placed in immediate risk of physical harm by that conduct”).
I recognize that federal and state courts are divided about the scope of Gottshall. Some courts have read Gottshall more broadly, as the majority does, while others have interpreted it more narrowly, as I do. Compare, e.g., Szymanski v. Columbia Transp. Co., 154 F.3d 591, 594-95 (6th Cir.1998) (10-3 en banc decision), and Capriotti v. Consolidated Rail Corp., 878 F.Supp. 429, 432-33 (N.D.N.Y.1995), with, e.g., Walsh v. Consolidated Rail Corp., 937 F.Supp. 380, 387-89 (E.D.Pa.1996), and Duncan v. Am. Commercial Barge Line, LLC, 166 S.W.3d 78, 83-84 (Mo.App. E.D. 2004). As I see it, the more constrained reading of Gottshall is supported by the Supreme Court’s more recent decision in Norfolk & Western Railway Co. v. Ayers, 538 U.S. 135, 157, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003), which distinguished Gottshall and held that “an asbestosis sufferer [can] seek compensation for fear of cancer as an element of his asbestosis-related pain and suffering damages.” In the words of Ayers, “[t]he plaintiffs in Gottshall and [Metro-North Commuter Railroad Co. v. Buckley, 521 U.S. 424, 117 S.Ct. 2113, 138 L.Ed.2d 560 (1997)] grounded their suits on claims of negligent infliction of emotional distress. The claimants before us, in contrast, complain of a negligently inflicted physical injury (asbestosis) and attendant pain and suffering.” Id. at 148, 123 S.Ct. 1210. Like the claimants in Ayers, Mr. Skye is complaining of a negligently inflicted physical injury — left ventricular hypertrophy.
Congress enacted the Jones Act “for the benefit and protection of seamen who are peculiarly the wards of admiralty.” Atl. Sounding Co. v. Townsend, 557 U.S. 404, 417, 129 S.Ct. 2561, 174 L.Ed.2d 382 (2009) (internal quotation marks omitted). Given that purpose, and absent definitive indication from the Supreme Court, I would not read the Jones Act to preclude liability for an employer who makes a seaman work so hard and so continuously that he suffers physical injury in the form of heart disease, heart attack, organ failure, seizure, or stroke.